## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JEANETTE D. ANDREWS ) | |
| ) | |
| Plaintiff, ) | Case No.  12-322L |
| ) | |
| v. ) | Chief Judge Emily C. Hewitt |
| ) | |
| THE UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

### <u>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS</u>

COMES NOW the Plaintiff Jeanette D. Andrews, by counsel, and submits the following memorandum in opposition to the motion to dismiss.

**Factual Background**

Ms. Andrews owns property located at 2421 and 2433 Blue Ridge Road in Chesapeake, Virginia that is the subject of this inverse condemnation claim. Complaint, Paragraph V(1). Ms. Andrews' claim accrued on May 23, 2006 when her use and enjoyment of property was destroyed or substantially interfered with by overflights of F/A-18 E/F fighter jets ("Super Hornets") from Naval Station Oceana ("NAS Oceana") and Naval Auxiliary Landing Field Fentress. Complaint, Paragraph V(2). The first squadrons of Super Hornets began to arrive at NAS Oceana in late 2003. Their numbers increased until full deployment was reached in 2009. Complaint, Paragraph V(16). The flight paths of the Super Hornets took them over and in close proximity to Ms. Andrews' property. Complaint, Paragraph V(17). The Super Hornet overflights produced noise and vibrations that interfered with Ms. Andrews' use and enjoyment of property, lowered the market value of her property, and constituted a taking of private property for which she is entitled to just compensation. Complaint, Paragraph V(18)-(20).

**Standard of Review**

A 12(b)(6) motion to dismiss for failure to state a claim may only be granted if the plaintiff does not "allege enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). This is not a probability requirement. <u>Id.</u> at 556. It asks only that the plaintiff show more than the "sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). When evaluating the complaint, the reviewing court must "accept as true the facts alleged in the complaint and must draw inferences in the light most favorable to the plaintiff." <u>Hornback v. U.S.</u>, 601 F.3d 1382, 1384 (Fed. Cir. 2010). The court must always make the inference most favorable to the plaintiff when more than one inference can be made from the facts alleged. "Nothing in <u>Twombly</u> or its progeny allows a court to choose among competing inferences as long as there are sufficient facts alleged to render the non-movant's asserted inferences plausible." <u>In re Bill of Lading Transmission and Processing System Patent Litigation</u>, 681 F.3d 1323, 1340 (Fed. Cir. 2012).

**Argument**

I. **Ms. Andrews' complaint is not fatally flawed because she alleged her claim accrued the same day she acquired the property.**

The U.S. tempts this Court to do precisely what it may not do when weighing a motion to dismiss- seize upon one allegation and draw inferences from that allegation in the light most *unfavorable* to the plaintiff so as to defeat the claim. The U.S. takes the allegation that Ms. Andrews' claim accrued the same day she purchased the property and impermissibly spins that allegation in its favor. The U.S. argues that Ms. Andrews' claim must be dismissed "because Plaintiff fails to allege any government conduct that could have caused an overflight takings claim to accrue on or after the date on which Plaintiff alleges her claim accrued." (U.S. Brief at

7). According to the U.S., all Ms. Andrews has alleged is that she purchased the property on May 23, 2006, which is irrelevant to when a claim for an overflight taking actually accrues. (U.S. Brief at 8). The U.S. patently misinterprets Ms. Andrews' complaint.

While it is true Ms. Andrews alleges that her claim accrued the same day she purchased the property, she does not allege that the purchase is what gives rise to her claim. Rather, she expressly states "Plaintiff's use and enjoyment of the Property was destroyed or substantially interfered with on and after May 23, 2006 *by the operation of F/A-18 E/F fighter jets ("Super Hornets")… over and around the Property*." Complaint, Paragraph V(2) (emphasis added). She goes on to explain that "[t]he F/A-18 E/F fighter produces significantly higher levels of noise and vibration than the principal aircraft it replaced, the F-14" and that "[t]he noise from the flights of the F/A-18 E/F fighters directly over and in close proximity to the Property has substantially interfered with Plaintiff's use and enjoyment of the Property and has diminished the market value of the Property." Complaint, Paragraph V(18)-(19).

Ms. Andrews, contrary to the U.S.'s assertions, *does* allege specific physical interference with her property by overflights on and after May 23, 2006. Her acquisition of the property coincides with her takings claim, but it is not the basis of her claim. The Defendant's overflights and interference with her property rights are the basis of her claim.

## II. Ms. Andrews' does not have to make the specific allegation that overflights are "frequent" to have a valid takings claim.

The U.S. also takes issue with Ms. Andrews' allegation that "flight paths intermittently carry the fighters over and in close proximity to the Property…causing substantial[] interfere[nce] with Plaintiff's use and enjoyment of the Property." Complaint, Paragraph V(17),(19). The U.S. argues that there must be "frequent" overflights for there to be a valid takings claim. (U.S. Brief at 9-10). However, there is no such requirement. Overflights do not

have to be "frequent", however one chooses to define that inexact word. They just have to be "frequent enough." They only have to be "so frequent *as to be a direct and immediate interference with the enjoyment and use of the land*." U.S. v. Causby, 328 U.S. 256, 266 (1946) (emphasis added). See also Argent v. U.S., 124 F.3d 1277, 1281-83 (Fed. Cir. 1997).(finding no fatal flaw in takings claim where offending flights only flew over property "on occasion" and cornered over adjacent properties "more frequently").

Ms. Andrews has alleged that the overflights substantially interfere with her use and enjoyment of her property. Complaint, Paragraph V(2),(19),(20). She has successfully stated a claim because she has alleged the flights are at least frequent enough to cause such destruction of her property rights.

## Conclusion

WHEREFORE, Plaintiff Jeanette D. Andrews respectfully prays this Court deny Defendant's Motion to Dismiss. Should this Court grant Defendant's Motion to Dismiss, she respectfully prays this Court grant leave to amend her complaint.

Respectfully submitted this 1st day of October, 2012.

/s/ Henry E. Howell, III
Henry E. Howell, III
The Eminent Domain Litigation Group, P.L.C.
One East Plume Street
Norfolk, VA 23510
Telephone: (757) 446-9999
Facsimile: (757) 446-9008
Email:  heh@eminentdomaingroup.us
*Counsel for Jeanette D. Andrews*